United States District Court
Southern District of Texas
ENTERED
July 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Arlene Yadira Leyva Vega, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3112 |
| | § | |
| Todd Blanche, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Arlene Yadira Leyva Vega is a native and citizen of Cuba who is charged with illegally entering the United States in 2022. Docs. 1-3. The Department of Homeland Security issued her a Notice to Appear and charged her with being inadmissible in November 2022. *Id.* On February 18, 2026, DHS detained her pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Doc. 1-1 Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) equal protection, (iv) the Immigration and Nationality Act ("INA"), (v) the Administrative Procedures Act, and (vi) the Suspension Clause. Doc. 1 ¶¶ 51–116. She also argues that her detention is precluded by the doctrine of equitable estoppel. *Id.* ¶¶ 100–104.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 9, to which Petitioner has responded in opposition, Doc. 10. Respondent maintains that

Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 9 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). The Court has further held that the acts and omissions of previous administrations do not equitably estop the current Administration from relying on 8 U.S.C. § 1225(b)(2)(A) to "detain [] deportable aliens during the limited period necessary for their removal proceedings." *Portillo de Marquez v. Mullin*, No. 4:26-2073, at 3 (S.D. Tex. July 14, 2026) (citing *Demore*, 538 U.S. at 526).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

SIGNED at Houston, Texas, on the 15th day of July, 2026.

Nicholas J. Ganjei
United States District Judge